UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MICKEY J. GIBSON,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>WASHINGTON STATE<br>UNIVERSITY, et al.<br><br>　　　　　　　　Defendants. | NO:  12-CV-5088-TOR<br><br>ORDER DISMISSING CASE<br>WITHOUT PREJUDICE |

BEFORE THE COURT is Plaintiff's request to file a *pro se* complaint *in forma pauperis*. Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), "[n]otwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  A complaint fails to state a claim upon which relief may be granted if it lacks a cognizable legal theory or lacks sufficient facts to support a cognizable legal theory. *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1990).

ORDER DISMISSING CASE ~ 1

Plaintiff's Complaint alleges violations of the Americans with Disabilities Act ("ADA") and the Age Discrimination in Employment Act ("ADEA") on a failure to hire theory. To state a prima facie case for employment discrimination under the ADA, Plaintiff must prove that (1) he is a disabled person within the meaning of the ADA; (2) he is qualified, with or without a reasonable accommodation, to perform the essential functions of the job he seeks; and (3) he suffered an adverse employment action because of his disability. *Braunling v. Countrywide Home Loans, Inc.*, 220 F.3d 1154, 1156 (9th Cir. 2000). To state a prima facie case for employment discrimination under the ADEA, Plaintiff must prove that (1) he was at least forty years old; (2) he was qualified to fill the position for which he submitted an application; (3) he was denied the position; and (4) the position was awarded to a substantially younger person. *Shelley v. Green*, 666 F.3d 599, 608 (9th Cir. 2012).

Plaintiff cannot meet either of these threshold requirements because he has not alleged that Washington State University declined to hire him. To the contrary, Plaintiff has alleged that he applied for the open position on May 31, 2012 and that the status of his online application was listed as "in process" some two weeks later. Plaintiff also alleges that the University had not yet offered him an interview as of June 25, 2012, the date on which the complaint was filed. These allegations are insufficient. Unless and until the Washington State University formally declines to

hire Plaintiff (or fails to act on his application within a reasonable time), Plaintiff will not be able to state a claim for relief under the ADA and/or ADEA. Accordingly, Plaintiff's Complaint must be dismissed without prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED:**

Plaintiff's Complaint (ECF No. 1) is **DISMISSED**.

The District Court Executive is hereby directed to enter this Order, furnish a copy to Plaintiff, and **CLOSE** the file.

**DATED** this 23rd day of August, 2012.

*s/ Thomas O. Rice*

THOMAS O. RICE
United States District Judge